**BALTIMORE EQUITABLE SOC. v.
UNITED STATES.**
No. 43150.

Court of Claims.
Dec. 7, 1936.

Stanley Worth, of Washington, D. C., for plaintiff.

Guy Patten, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This case turns on the question of whether the plaintiff is a "mutual" insurance company within the meaning of that word as used in the federal taxing acts.

The plaintiff is a voluntary association organized for the purpose of carrying on a fire insurance business incorporated in 1794. Under its original charter the plaintiff was authorized to issue fire insurance to its members who contributed to the losses and shared in the gains equally. In 1858 the plaintiff was authorized to also write nonparticipating term insurance to nonmembers, and in 1865 the plaintiff was authorized to issue perpetual insurance to its members. Under this plan a member, upon payment of a fixed deposit, is protected against loss by fire perpetually, or until he ceases to be a member by withdrawing his deposit. Only perpetual policyholders insured by deposits

have the right or are subject to the liabilities of members of the corporation. During the years 1931, 1932, and 1933, plaintiff's term insurance constituted approximately 12 per cent. and its perpetual insurance 88 per cent. of its outstanding insurance risks. In its federal income tax return for 1933 plaintiff reported the "Kind of Business" in which it was engaged as that of a "Mutual Fire Insurance Co.," and computed its income and its tax liability thereon upon the basis of premiums written, with a technical deduction for the net addition to reserve funds required by law to be made within the taxable year.

On August 29, 1933, the plaintiff filed with the collector of internal revenue a paper headed "Return of capital stock tax for the year ending June 30, 1933," which document showed, among other things, that it had neither common nor preferred stock but did have a surplus in the amount of $1,600,766.77 for which an exemption was claimed in the return and in a separate claim. The Commissioner of Internal Revenue notified the plaintiff that its claim for exemption of capital stock was denied for the reason that plaintiff was taxable under section 208 of the Revenue Act of 1932 (47 Stat. 227), and required the filing of a completed capital stock return. In compliance with this request, plaintiff, on March 2, 1935, filed under protest a capital stock return for the taxable year ending June 30, 1933, which showed that the value of the entire capital stock of the company was the same as had been stated in its previous return as the amount of its surplus and that the tax thereon was $1,600. This amount of tax, together with interest and penalty, totaling $1,886.93, was paid under protest to the collector. Subsequently, plaintiff filed a claim for refund of the amount so paid. The refund claim having been denied by the Commissioner, this suit was brought.

A peculiar feature of the situation is that the tax in controversy is a tax on the value of capital stock. The stipulation recites that the plaintiff had no capital stock of any kind but that it did have a surplus in a considerable sum and that this surplus was taxed as the amount of its capital stock. The plaintiff, however, does not base its objections to the tax on this ground but, like the Commissioner, treats the surplus as being the equivalent of capital stock. Plaintiff's claim that it is exempt from the capital stock tax rests upon statutory provisions.

The capital stock tax was imposed by the National Industrial Recovery Act (48 Stat. 207) which provides:

"Sec. 215. (a) For each year ending June 30 there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock. * * *

"(c) The taxes imposed by this section shall not apply—

"(1) to any corporation enumerated in section 103 of the Revenue Act of 1932;

"(2) to any insurance company subject to the tax imposed by section 201 or 204 of such Act."

The Revenue Act of 1932 (47 Stat. 193, 225, 227) contained in section 103 thereof (26 U.S.C.A. § 103 and note) certain provisions for exemption from the corporation tax by "farmers' or other mutual * * * fire insurance companies."

Section 204 of the same act provides for the imposition of a tax upon the net income of insurance companies other than life or mutual.

Section 208 imposed a tax upon the income of mutual insurance companies other than life in the same manner as other corporations, with certain exceptions not material here.

In a case brought by this same taxpayer (Baltimore Equitable Society v. United States, 3 F.Supp. 427, 432, 77 Ct.Cl. 566), the plaintiff claimed exemption from income taxes on the ground that it was a mutual company. In that case, after finding that about 10 per cent. of the plaintiff's business was nonparticipating term insurance, this court held that the plaintiff was not a mutual company within the meaning of the words as used in the taxing statute and said: "We think that when Congress provided the exemption set out in the statute it intended that it should apply only to companies that are purely mutual and that consequently the plaintiff was subject to the corporation tax."

It is urged on behalf of the defendant that this decision is not binding in the case now before us, for the reason that the court was then considering the application of different statutes. However this may be, the same reasoning applies. The statutes make no provision for apportioning the tax in accordance with the amount of business

done under the mutual plan and the amount of term insurance, nor can we say that where the preponderance of business carried on is done under the mutual plan the company is mutual. Both the statutes under consideration in the case cited and those applicable to the instant case granted an exemption from the corporation tax to mutual companies. We do not think that this exemption was intended to apply to companies that were only partly mutual for such companies would be merely mutual in some respects. The statute, in our opinion, was meant to apply only to companies that were purely mutual.

Having reached this conclusion, it follows that plaintiff was exempt from the tax imposed in the instant case. The portions of the statute which have been set out above show that the capital stock tax did not apply to insurance companies subject to the tax imposed by section 204 of the Revenue Act of 1932. This section applies to insurance companies other than life or mutual. Plaintiff was not a life insurance company and was not a mutual company within the meaning of the law as we construe it. It was consequently subject to the tax imposed by section 204 and exempt from the capital stock tax.

The argument for the defendant calls attention to the income tax return of plaintiff filed for the year 1933 in which it was stated with reference to the kind of business carried on, "mutual fire insurance," and counsel for defendant contend that the return was made up in accordance with the provisions of section 208 as applied to mutual fire insurance companies. Counsel for plaintiff insists that the return warrants no such conclusion. The findings include a reference to the return, a copy of which was attached to the stipulation entered into by the parties. The return showed a loss, and we think it is immaterial whether the plaintiff intended it should conform to section 204 or section 208. If the plaintiff erred in making up its return, this was merely a mistake as to the law and is immaterial. It was not subject to tax under section 208 but under section 204, and is consequently exempt from the capital stock tax.

It follows that plaintiff is entitled to recover the amount of the tax, interest, and penalty paid, with interest thereon from the date of payment. Judgment will be entered accordingly.